# WHITLEY vs. MURRAY.

[ACTION FOR RECOVERY OF OVERSEER'S WAGES.]

1. *When action for money paid lies not against principal in favor of agent.*—If an agent purchases articles at a store, on the credit of his principal, and afterwards voluntarily pays for them himself, he cannot maintain an action against his principal to recover the amount so paid.

2. *Breach of contract by employee.*—If an overseer, having contracted to serve his employer for the term of one year, and stipulated that, in the event of his failure to comply with any of the conditions of the contract. he should not recover any compensation for the services which he might have rendered, voluntarily leaves the service before the expiration of the year, he cannot recover any compensation, without proving that he was discharged by his employer, or that the employer had violated the contract on his part.

APPEAL from the Circuit Court of Lowndes. Tried before the Hon. NAT. COOK.

THIS action was brought by William B. Whitley, against John Murray. The complaint contained three counts; the first claiming $200, as damages for the defendant's breach of an agreement between him and the plaintiff, whereby the latter agreed to serve the defendant in the capacity of overseer on his plantation in Lowndes county, at the rate of $400 *per annum*; and averring that the plaintiff served the defendant, under said contract, in the capacity of overseer, for more than two months, and that the defendant refused to pay, &c. ; the second claiming $200 for work and labor performed by plaintiff on defendant's plantation; and the third claiming $100 for money paid by plaintiff, for defendant, and at defendant's instance and request. No pleas appear in the record.

On the trial, as the bill of exceptions shows, the plaintiff proved that he acted as overseer for defendant, on his plantation in Lowndes county, from the 1st January, to the 2d March, 1858; and that his services were worth $33 per month. He also introduced a merchant as a witness, "who testified, that certain articles, consisting of paper, &c., of the value of 37½ cents, were purchased at his store by plaintiff, and charged to defendant; that he had no order from defendant to do so, further than an order from plaintiff; that a bill of said articles was made out, and the money paid to him by the plaintiff. The evidence did not show when, or for whom, said articles were used. On cross-examination of a witness introduced by defendant, plaintiff's counsel asked him, 'if he knew whether it was the defendant's custom to allow his overseer to purchase such articles as paper and stationery on his account, for the use of the plantation.' On the defendant's objection, the court refused to allow the witness to answer this question; and the plaintiff excepted."

The defendant proved, and read in evidence to the jury, the written contract between him and plaintiff, by which the latter agreed to serve him in the capacity of an overseer, from the 1st January, 1858, to the 1st January, 1859,

"for the sum of $400 in cash, 300 lbs. of bacon, 50 lbs. of brown sugar, and 25 lbs. of coffee; under the following conditions: The said Whitley is never to leave or absent himself from said plantation on business at any time during my" (said defendant's) "absence from the State, and only with my consent when I am on the plantation; he is never to drink ardent spirits to intoxication, while in my employ; he is not to maltreat any of my slaves, and is to give his personal attention to my business; and failing to comply fully with all or either of these conditions or stipulations, the said Whitley is to leave my employment, at my discretion, without the least remuneration for the time he may have served me." The defendant further proved the plaintiff's handwriting to a letter, dated February 11th, 1858, which purported to be a reply to one received from the defendant, in relation to certain charges against the plaintiff involving a violation on his part of the stipulations of the contract; and which concluded with the following words: "I will not stay any longer than this letter has time to give you word, and for you to come or send out; I will relieve you of the trouble of discharging me on the spot." The defendant proved, also, that on his arrival from South Carolina, after the date of plaintiff's said letter, he did not see plaintiff on his plantation, and never saw him afterwards. "The defendant, however, introduced a witness who testified, that he had a conversation with defendant on the morning after the latter's arrival from South Carolina, in which defendant stated, that he was surprised to find plaintiff on his plantation, and that he supposed he had left; that witness told him, 'that he had not, as he did not want to forfeit his wages;' that defendant replied, 'he knows what the contract is, and that he could have left without forfeiting his wages.' Said witness having stated that one Spann was present at this conversation, defendant thereupon introduced said Spann as a witness, who stated that he had no recollection of any such conversation."

"This being all the evidence in the case, the court charged the jury, that if they believed the whole evidence to be true, they must nevertheless find for the defendant;

to which charge the plaintiff excepted," and was there-
upon compelled to take a nonsuit.

The rulings of the court on the trial, as above stated,
are now assigned as error.

J. F. CLEMENTS, and W. F. WITCHER, for appellant.
WATTS, JUDGE & JACKSON, contra.

STONE, J.—If the merchant had made an effort to
collect out of Mr. Murray the value of the stationery
supplied to Mr. Whitley, it would have been important
to prove, that he, Mr. Whitley, had authority, express or
implied, to purchase such articles on the credit of Mr.
Murray, his employer, and thus charge him in account
with the merchant. This record presents a different
question. After purchasing the articles, and having them
charged to Mr. Murray, Mr. Whitley paid the account—
voluntarily, so far as this record discloses; and he now
seeks to recover from Mr. Murray the money so paid.
This state of the facts leaves Mr. Whitley in an inextri-
cable dilemma. If he had authority to purchase the
articles on Mr. Murray's account, then his subsequent
payment of the account was unauthorized—was not at
the instance or request of Mr. Murray, and cannot, under
the facts disclosed in this record, give him a right of
action. On the other hand, if he had no authority to
purchase on Mr. Murray's account, the payment by him
was but a payment of his own debt, and gives him no
cause of suit against his employer.—Addis. on Con. 56.
It is thus shown that we need not decide, whether the
testimony offered was competent proof of agency.

[2.] So far as this record discloses, Mr. Whitley volun-
tarily left the service of Mr. Murray. This he had no
authority to do; and hence he fails to show a breach of the
contract by his employer. His contract being for the
entire year, and he having failed to serve the year out,
he cannot, according to the terms of his contract, recover
for the time he served, or for a breach of the contract,
without proof that he had been discharged, or that his
employer had broken his contract, and thus authorized

him to leave the service.    There being an entire absence of proof of either one of these propositions, the court was fully-justified in giving the charge excepted to.

There is nothing in this record which shows that the circuit court, of its own motion, gave the charge to which exception was taken.

Judgment of the circuit court affirmed.